UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL ANTHONY REYES,<br><br>　　　　Defendant. | CR12-109 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant Michael Reyes's Petition for a Writ of *Coram Nobis*, docket no. 25. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

In 2012, the Government filed an indictment charging Reyes with four counts of being a felon in possession of a firearm. Indictment (docket no. 1). The charges were predicated on two previous Washington state convictions and a prior federal conviction. Id. at 1. Reyes ultimately pleaded guilty to one count of being a felon in possession of a firearm. Plea Agreement (docket no. 14). On November 5, 2012, this Court sentenced

ORDER - 1

Reyes to a 46-month prison term followed by three years of supervised release. Judgment (docket no. 20).

In December 2020, Reyes brought this petition for a writ of *coram nobis*, challenging his 2012 conviction for being a felon in possession of a firearm. Specifically, Reyes argues that the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), changed the law applied to him at the time of conviction by providing that the statute prohibiting certain individuals from possessing firearms, 18 U.S.C. § 922(g), requires the Government, in a prosecution for violating the statute, to prove the accused "knew he [or she] belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Reyes contends that because the Court did not inform him that the Government had to prove he knew he had been convicted of a felony offense, his guilty plea was not knowing and voluntary.

**Discussion**

District courts have the authority to issue a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). To warrant *coram nobis* relief, a petitioner "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Id. The failure to meet any one of these requirements is fatal. Id. Because Reyes fails to meet the second requirement, the Court denies his petition.

ORDER - 2

Though petitions for *coram nobis* are not subject to a specific statute of limitation, courts require "petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010).  The Supreme Court decided Rehaif in June 2019, when Reyes was still in custody[1] and could have challenged his conviction through a motion brought pursuant to 28 U.S.C. § 2255.  Instead, Reyes waited over a year and a half, until December 2020, to file this petition.  As Reyes does not give any justification for the delay, he does not provide a valid reason for not attacking his conviction earlier.[2] See United States v. Kroytor, 977 F.3d 957, 962–63 (9th Cir. 2020) (two-year delay without valid reason barred *coram nobis* relief) see also United States v. Reyes, No. CR06-0463-JCC, 2021 WL 197151, at *2 (W.D. Wash. Jan. 20, 2021).  Because Reyes cannot meet this factor, the Court denies his petition. See Matus-Leva, 287 F.3d at 760.

---

[1] In 2016, after Reyes had completed his term of imprisonment, this Court entered an Order transferring probation jurisdiction to the District of Arizona. Transfer Order (docket no. 21). Reyes violated the terms of his supervised released in 2017. See Petition to Revoke Supervised Release (docket no. 3), United States v. Reyes, Case No. 2:15-cr-50191-GMS (D. Ariz.).  The Arizona District Court revoked Reyes's supervised released and sentenced him to eight months of imprisonment, followed by twenty-eight months of supervised release. Order Revoking Supervised Release (docket no. 16), United States v. Reyes, Case No. 2:15-cr-50191-GMS (D. Ariz.).

[2] Furthermore, as the Government points out, because the Supreme Court decided Rehaif while Reyes was still in custody, he had one year from the date of the decision to file a motion under § 2255.  See 28 U.S.C. § 2255(f).  Accordingly, permitting Reyes to bring this petition despite the year and a half delay would allow him to circumvent the one-year limitation period for motions under § 2255.

ORDER - 3

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Reyes's Petition for a Writ of *Coram Nobis*, docket no. 25, is DENIED.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 23rd day of March, 2021.

                                          Thomas S. Zilly
                                        United States District Judge